IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT KELLEY, ARMANDO CHAVEZ, AND JUAN MARTINEZ, Individually and On Behalf of All Others Similarly-Situated, <br><br> Plaintiffs, <br><br> v. <br><br> C&J EQUIPMENT MANUFACTURING CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § | Civil Action No. 18-845 |

## PLAINTIFFS' ORIGINAL COMPLAINT (COLLECTIVE ACTION) AND JURY DEMAND

For their Original Complaint (Collective Action) against Defendant C&J Equipment Manufacturing Corporation, Plaintiffs Scott Kelley, Armando Chavez, and Juan Martinez, Individually and On Behalf of All Others Similarly-Situated, show the following:

### Introduction

1. Plaintiffs bring this action under the Fair Labor Standards Act to recover unpaid wages, including unpaid overtime, for all hours worked. Plaintiffs are or were employed by Defendant as welders, and they regularly worked overtime (*i.e.*, hours over forty each week). Defendant has violated the overtime provisions of the Fair Labor Standards Act by not paying Plaintiffs and other similarly-situated welders an overtime premium for hours worked over forty each week. Plaintiffs have been paid on an hourly basis for "shop" time and also paid on a piece-rate basis for welding product. Plaintiffs are non-exempt from the overtime provisions of

the FLSA and are entitled to receive one-and-a-half-times the regular rate for overtime hours worked each week. However, Defendant has not paid its welders the overtime they are owed. Plaintiffs now sue for unpaid wages, liquidated damages, and all other relief to which they are entitled.

**Parties**

2. Plaintiff Scott Kelley is an individual residing in San Antonio, Bexar County, Texas, and may be served with papers through the undersigned counsel.

3. Plaintiff Armando Chavez is an individual residing in San Antonio, Bexar County, Texas. He may be served with papers through the undersigned counsel.

4. Plaintiff Juan Martinez is an individual residing in San Antonio, Bexar County, Texas. He may be served with papers through the undersigned counsel.

5. Defendant C&J Equipment Manufacturing Corporation is a foreign for-profit corporation organized under the laws of the State of New Mexico. According to the Texas Secretary of State website, Defendant's principal place of business is located at 2250 N. First St., Bloomfield, New Mexico, 87413. It may be served with process through its Registered Agent, Brock Sapp, at 233 Corgey Rd., Pleasanton, Texas 78064.

**Jurisdiction and Venue**

6. The Court possesses subject matter jurisdiction over this case because Plaintiffs assert claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas, San Antonio Division, because Plaintiffs worked for Defendant within the geographic

confines of the San Antonio Division and because Defendant maintains operations within the Western District of Texas and the San Antonio Division.

## Statement of Facts

7.      Defendant C&J Equipment Manufacturing Corporation, according to its website, manufactures "superior quality equipment by implementing excellence in design, and quality control." At all times relevant to this lawsuit, Defendant C&J Equipment Manufacturing Corporation has been an employer within the meaning of the Fair Labor Standards Act, and has had gross annual sales in excess of $500,000.00 and regularly engages in interstate commerce.

8.      Plaintiff Scott Kelley started working for Defendant in February 2017 as a welder and remains employed. Plaintiff Armando Chavez worked for Defendant as a welder from May 2018 until July 2018. Plaintiff Juan Martinez worked for Defendant several times over the last five years. He most recently resigned his employment in or around July 2018.

9.      Plaintiffs and all other welders are non-exempt from the minimum wage and overtime provisions of the FLSA, as no recognized exemption covers them.

10.     Plaintiffs and most, if not all, other welders have worked extensive amounts of overtime each week. Despite this fact, Defendant has refused to pay Plaintiffs and the other welders the required overtime premium in violation of the FLSA. Defendant pays its welders on an hourly basis for "shop time" and on a piece rate basis for welding. In violation of the FLSA, Defendant does not pay an overtime premium based on the total number of hours worked by a welder each week. Instead, only when a welder works in excess of forty "shop time" hours in a workweek does Defendant pay an overtime premium, and even then, overtime is based only on the shop time hours and not on the total number of hours worked by the welder in the workweek.

Moreover, also in violation of the FLSA, Defendant has failed to keep accurate records of its welders actual work hours each workweek.

11. Upon information and belief, Defendant has engaged in the illegal pay practices described above with respect to all of its welders at both its Pleasanton, Texas location and its Bloomfield, New Mexico location.

12. At all times relevant to this lawsuit, Defendant has known, or at least were on notice, that they were required to pay an overtime premium for hours worked over forty each week, but Defendant willfully refused to do so.

### First Causes of Action:  Violations of FLSA--
### Failure to Pay Plaintiff and Similarly-Situated Employees the Overtime Premium

13. Plaintiffs re-allege and reincorporate paragraphs 1 through 10 supra.

14. Plaintiffs and all similarly-situated welders are/were employees, and were non-exempt from the overtime provisions of the FLSA.

15. The FLSA requires that covered employers pay non-exempt employees an overtime premium of one-and-a-half times the regular rate for each and every hour worked over forty each workweek.  Plaintiffs further plead that, at all times relevant hereto, Defendant was well aware that of the overtime provisions of the FLSA and that they were required to pay Plaintiffs and similarly-situated employees in compliance with the law.  In fact, upon information and belief, employees actually inquired over the years about their entitlement to overtime, but Defendant turned a deaf ears to these complaints and failed to pay Plaintiffs and the referenced employees the required overtime premium, and failed to accurately keep track of all hours worked, all in violation of the FLSA.

16. Accordingly, Plaintiffs and all other similarly-situated employees are entitled to recover their overtime premium and an equal amount in liquidated damages. Additionally, because Plaintiffs have been compelled to retain legal counsel to bring this action to recover monies due to them, Plaintiffs are entitled to an award of attorney fees.

### Second Cause of Action: Retaliation under FLSA (Scott Kelley only)

17. Plaintiffs re-allege and reincorporate paragraphs 1 through 15 supra.

18. Concerned about Defendant's pay practices, Plaintiff Scott Kelley brought this overtime issue to the attention of management several times, thereby engaging in protected activity under the FLSA. The pay issue was never addressed, and Plaintiff Kelley was told by his manager that this was simply how things were done in New Mexico.

19. When Defendant would not address Plaintiff Kelley's concerns regarding his pay, Plaintiff sought legal counsel. In the weeks after Plaintiff Kelley's legal counsel sent a letter (dated July 19, 2018) to Defendant addressing the claims, Plaintiff Kelley was retaliated against.

20. Prior to Defendant receiving a letter, Plaintiff Kelley was told that he would receive a promotion. The promotion had been announced in front of his coworkers, and he was told this would result in a $3 per hour pay increase. However, on July 26, 2018, Plaintiff Kelley was informed that he would not be receiving the promotion after all.

21. Plaintiff Kelley now sues for his lost wages and an equal amount in liquidated damages caused by this unlawful retaliation.

### Jury Trial

22. Plaintiffs demand a trial by jury.

## Class Certification

23.     Defendant paid all welders at both of its locations based on a combination of hourly pay (for "shop time" hours) and piece rate pay for welding. Defendant subjected all welders at both of Defendant's locations to the same unlawful practices under the FLSA, namely, failure to pay the appropriate overtime premium for hours worked over forty each week. Accordingly, Plaintiffs seek the certification of a class of all welders, including any supervisors who provided work at any of Defendant's locations, who were paid on an hourly and/or piece rate basis, and who worked in excess of forty hours in some workweeks over the last three years but were not paid an overtime premium of one-and-a-half times the regular rate.

## Prayer

Plaintiffs pray that, upon final judgment, they and all other class members be awarded the following:

   a.   All unpaid wages, including unpaid overtime;

   b.   An equal amount in liquidated damages;

   c.   Attorney fees and costs;

   d.   Pre- and post-judgment interest;

   e.   All other relief to which Plaintiffs are entitled.

Respectfully submitted,

_/s/ Michael V. Galo, Jr._

Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFFS