UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT KELLEY, ARMANDO CHAVEZ, AND JUAN MARTINEZ, Individually and On behalf of All Others Similarly Situated, Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 5:18-cv-00845 |
| C&J EQUIPMENT MANUFACTURING CORPORATION, Defendant . | § § § § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE

Plaintiffs and Defendant file this Joint Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice and respectfully state:

1.　This case was filed under the Fair Labor Standards Act. This case has been pending since August of 2018.

2.　In addition to the named Plaintiffs, Scott Kelley, Armando Chavez and Juan Martinez, and individuals John Austin and Michael Handy joined this action as Plaintiffs by filing notices of consents to join (Dkt. Nos. 7-1 and 12-1). All Plaintiffs and Defendant have resolved all issues and have entered into a confidential Settlement Agreement, which is attached as Exhibit A to their Joint Motion for Leave to File Exhibit Under Seal, which is being filed contemporaneously with this motion. The Parties seek this Court's approval of their settlement agreement because this case was filed under the Fair Labor Standards Act. The Parties recognize that in this Court, court approval is not required for the private settlement of FLSA claims where, as in this case, there are bona fide disputes as to the amount of hours. *Martinez v. Bohls Bearing Co., 361 F. Supp. 2d 608,*

*630 (W.D. Tex. 2005)*. However, because this is a minority view, the Parties seek Court approval of their agreement. *Sepulveda v. Southwest Business Corp.*, 2009 U.S. Dist. LEXIS 93072 (W.D. Tex. San Antonio Div. 2009).

4.     One of the primary issues in dispute in this litigation is the amount of hours worked by the Plaintiffs for piece-rate work.   Defendant has claimed that its records show that Plaintiffs worked significantly less hours than claimed by the Plaintiff's and Plaintiff's do not agree with Defendants records or that Defendant even maintained time records of hours worked.

5.     The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. *29 U.S.C. § 207(a)(1)*. The Act exempts from the overtime-pay requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id. § 213(a)(1)*. The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc., 203 F.3d 326, 330-31 (5th Cir. 2000)*. The burden of proving the applicability of a claimed exemption is on the employer, and the exemption is construed narrowly against the employer. *Tyler v. Union Oil Co., 304 F.3d 379, 402 (5th Cir. 2002)*. The court looks to a person's salary and duties to determine their status; it is a fact-intensive determination. *Id.* Bona fide disputes exists regarding whether the Plaintiffs were nonexempt under the FLSA.

6.     Because C & J Equipment Manufacturing Corporation contends there are sufficient records to determine the exact number of hours worked but Plaintiffs do not, a bona fide dispute exists with regard to the hours worked by each Plaintiff.

7.     The Parties reached a settlement after engaging in discovery and settlement negotiations, including participating in mediation and continuing settlement negotiations after mediation. Plaintiffs

utilized their best efforts to ensure that all Plaintiffs received a proportional amount of the total recovery. In fact, each Plaintiff and opt-in Plaintiff will receive well in excess of 100 percent of his back wages even after the deduction of attorney fees and litigation expenses. The portion of the settlement proceeds designated as attorney fees ($19,000.00) is fair and reasonable to the Plaintiffs and opt-in Plaintiffs by any measure. Although each Plaintiff and opt-in Plaintiff had separately signed a contingent fee agreement providing for an attorney fee of 40 percent of the gross proceeds of his recovery, Plaintiff's counsel has voluntarily cut his fee such that the fee actually being charged in this case is less than 30 percent, plus $2,000.00 in litigation expenses actually incurred.

8. The Parties have attached their confidential Settlement Agreement as Exhibit A to their Joint Motion for Leave to File Exhibit Under Seal. The settlement agreement has been approved and signed by each of the Plaintiffs and opt-in Plaintiffs, and each of these individuals is eager to conclude the litigation under the terms of the settlement agreement.

The Parties request that the Court find that bona fide disputes exist and that the settlement agreement is a fair and reasonable resolution of the Parties' bona fide disputes.

9. The Parties also request, pursuant to the terms of the settlement agreement, that the Court dismiss all Plaintiffs claims with prejudice to the refiling of same; with each party bearing their own attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs and Defendant request that the Court grant this motion and find that the Parties' settlement agreement is a fair and reasonable resolution of the Parties' bona fide disputes and dismiss all Plaintiffs' claims with prejudice to the refiling of same.

Respectfully submitted,

 /s/ Michael Galo, Jr. with email permission
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM. P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFFS


HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas   78209
Telephone:   (210) 824-8282
Facsimile:   (210) 824-8585


BY  *[signature: Michael L. Holland]*

   Michael L. Holland
   State Bar No. 09850750
   mholland@hollandfirm.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT KELLEY, ARMANDO CHAVEZ, AND JUAN MARTINEZ, Individually and On behalf of All Others Similarly Situated, Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 5:18-cv-00845 |
| C&J EQUIPMENT MANUFACTURING CORPORATION, Defendant . | § § § § | |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE**

The Court having considered Plaintiffs and Defendant's Motion for Approval of Settlement Agreement and Dismissal of Case With Prejudice and after having considered the Parties' confidential settlement agreement and having found that bona fide disputes exists regarding whether Plaintiffs were properly classified as exempt employees and that bona fide disputes exists regarding the number of hours worked by the Plaintiffs, is of the opinion that the motion should be GRANTED. It is therefore,

ORDERED that the Settlement Agreement between the Plaintiffs and Defendant filed under seal is hereby approved as a fair and reasonable resolution of the Parties' bona fide disputes. It is further ORDERED, ADJUDGED AND DECREED that the claims of Plaintiffs Scott Kelley, Armando Chavez, Juan Martinez, John Austin and Michael Handy are hereby dismissed with prejudice to the refiling of same; that it be removed from the Docket of the Court; that all attorney fees and costs incurred be taxed against the Party incurring same and that Plaintiffs take nothing from Defendant.

All relief not expressly granted herein is dismissed.

SIGNED and ENTERED on the _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE